**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**

FILED AUG 16 '17 AM11:05 USDCALS

Jay, Charles A.

Plaintiff,

vs. : Civil Action No. ____________

Auburn University et al

Defendant(s)

## COMPLAINT

1. Plaintiff resides at 4933 A. Hwy. 61 Newbern, Al. 36765

2. Name(s) of defendant(s) (attached as item #2)

3. Location of principal office(s) of the named defendant(s) ____________
Auburn Rural Studio- (8448 Al. Hwy. 61 Newbern, Al. 36765)
Auburn University/ staff counsel (101 Samford Hall -Auburn, Al. 36849-5163 )

4. Nature of business of defendant(s) Auburn University undergraduate program
School of Architecture

5. Approximate number of individuals employed by defendant(s) 5,022

6. The acts complained of in this suit concern:

(A) X Failure to employ me.

(B) _____ Termination of my employment.

(C) _____ Failure to promote me.

(D) X Other acts as specified below: (attached as complaint item #6.(D)

7. Plaintiff is:

(A) ____ Presently employed by the defendant.

(B) __X__ Not presently employed by the defendant.

The dates of employment were ________________________________

(1) _____ Plaintiff was discharged.

(2) _____ Plaintiff was laid off.

(3) _____ Plaintiff left the job voluntarily.

8. Defendant(s) discriminated against me on account of my:

(A) _____ Race _____ Sex

_____ Color _____ National Origin

_____ Religion

Therefore, I am bringing this action for employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, specifically, 42 U.S.C. § 2000e-5.

(B) __X__ Physical disability

__X__ Mental disability

Therefore, I am bringing this action pursuant to the American with Disabilities Act, specifically, 42 U.S.C. § 12117.

(C) __X__ Age

Therefore, I am bringing this action pursuant to the Age Discrimination in Employment Act of 1967, specifically, 29 U.S.C. § 626.

9. The name(s), race, sex, and the position or title of the individual(s) who allegedly discriminated against me during the period of my employment with the defendant company is (are) (attached as complaint item #9)

10. The alleged discrimination occurred on or about 3-6-2017

11. The nature of my complaint, i.e., the manner in which the individual(s) named above

discriminated against me in terms of the conditions of my employment, is as follows: (attached as complaint item #11)

12. The alleged illegal activity took place at Auburn University Rural Studio 8448 Al. Hwy. 61 Newbern, Al. 36765

13. I filed charges with the Equal Employment Opportunity Commission regarding alleged discriminatory conduct by defendant(s) on or about 3-9-2017

I have attached a copy of the Notice-of-Right-to-Sue letter issued by the Equal Employment Opportunity Commission. This letter was received by me on 6-9-2017

14. I seek the following relief:

(A) X Recovery of back pay.

(B) X Reinstatement to my former job, and any other relief as may be appropriate, including injunctive orders, damages, costs and attorney's fees.

Date: 8-14-2017

[signature]
Signature of Plaintiff

4933 Al. Hwy. 61
Newbern, Al. 36765
Address of Plaintiff

(334) 624-0123
Telephone Number of Plaintiff

Charles A. Jay v. Auburn University

Civil Action No.________________

**Attachment Complaint item #2**

"Name(s) of defendant(s)"

1. Auburn University

2. Auburn University Rural Studio

Auburn University Human Resources Department and the Auburn EEO Dept.

3. Auburn labeled employee "search committee" (individuals to be named during discovery)

4. Andrew Freear-white-male-Rural Studio professor

5. Mr. Chris Thompson-unknown gender-male-Auburn Human Resources

Charles A. Jay
4953 Al Hwy 61
Newbern Al
36765

Charles A. Jay v. Auburn University

Civil Action No.________________

**Attachment Complaint item #6.(D)**

*("Other acts specified below:")*

Disability Discrimination

Age Discrimination

Failure to Accomodate

Negligent Supervision

Failure to Implement required policies-- including the documentation of a disabled applicant upon notification and discovery of same.

Failure to follow all rules, laws and requirments concerning a disabled applicant, the ADA, affirmative action or any and all other procedures required by law. Defendant admits this by voluntarily stating that "Finally, the search committee was unaware of any disability Mr. Jay might have." Plaintiff alledges he can prove that indeed, Auburn University and its search committee did know of plaintiffs disabilities.

Initially, Plaintiff completed the" voluntary self identification disability" form offered and suggested by Auburn University to assist in the affirmative action process.

Plaintiff then called Auburn Human Resources from the number given within the application. I asked for someone in charge of the Rural Studio and was connected to Mr. Chris Thompson. I informed Mr. Thompson that I was disabled , had filled out an application and needed/requested accomodations in the hiring process. That I wanted to make sure everything was done legal as I wanted that job.

Charles A Jay
4933 Al Hwy 61
Newbern Al 36765
(334) 624-0123

Plaintiff recorded the conversation and will enter as evidence.

On the application, Plaintiff put "shoulder injury and rehabilitation" on "reason for leaving last job" in an effort to show his ability to return to work.

In the year 2014, Plaintiff explained to Auburn University Rural Studio Professor Andrew Freear that he was disabled. Professor Freear then asked, on Auburn property, if he could help lifting a box item, stating that "since you're disabled, I didn't want you to hurt your shoulder".

In addition to a failure to employ me, the above named defendants admittingly failed to follow all rules, laws and regulations set forth by the ADA (Americans with Disabilities Act) including a failure to accomodate, after requested and failing to produce all required documentation. The Plaintiff, Charles A. Jay was never contacted by the above named employer. Defendants claim the "search committee was unaware of any disability that Mr. Jay might have."(EEOC AU position statement p,2)

Instead, Auburn University chose to hire an applicant 30 years younger and "willing to learn" with 35 years less relative technical experience. Plaintiff has 8 years experience as a contractor performing the exact Auburn Rural Studio Tech I/II duties as advertised in the aforementioned job description. Again, Plaintiff wrote the initial job advertisment for Auburn University, after Auburn University administration requested same.

On the application, Plaintiff used the above named employer, Auburn Rural Studio, as a reference and cited shoulder injury as reason for leaving last job.

Auburn University made its hiring decisions based on illegal "neutral" hiring practices, failing in all aspects of affirmative actions, documentation requirments and ADA laws, thereby discriminating against plaintiff Charles A. Jay.

The aforementioned actions, by Auburn University and its representatives, have caused Plaintiff financial hardships, mental anguish, emotional distress, family distress, loss of consortium and damages yet to be discovered.Plaintiff asks this

Charles A Jay
4933 Al. Hwy 61
Newbern Al 36765
(334) 624-0123

court to direct the Defendant representatives to correct all policy and response criteria concerning the disabled and their inclusion, into the Auburn University employee work force, as required.In an effort to make Plaintiff whole again, plaintiff asks this court for all monetary damages as allowed by law. Plaintiff asks this Court for damages that will ensure that all public federally funded universities will re-evaluate their policies and procedures concerning the aged and disabled. Plaintiff ask for $1,000,000.

Charles A [illegible]
4933 Al Hwy 61
Newbern Al 36765
334 624 0123

Charles A. Jay v. Auburn University

Civil Action No.________________

**Attachment Complaint item #9**

*(The name(s), race, sex, and the position or title of the individual(s) who allegedly discriminated against me during the period of my employment with the defendant company is (are):*

"search committee" unknown at this time

Mr. Thompson Human Resources unknown race-gender

Mr. Andrew Freear -white-male- professor

Charles A Jay
4933 Al-Hwy 61
Newbern Al 36765

334 624 0123

Charles A. Jay v. Auburn University

Civil Action No. _______________

(Attachment Complaint item #11)

("nature of my complaint")

Plaintiff must state seperate prima facie cases for:

A. the disability discrimination portion complaint,

B. the Failure to Accomodate complaint and

C. the Age Discrimination complaint.

**A. Disability discrimination:** Plaintiff states he was discriminated against because of his disabilities and states a prima facie case as follows:

1. Plaintiff must prove his disability--Plaintiff has been legally disabled for approximately 4 years. (copy of SS dis. letter attached)

2. Plaintiff must prove his qualifications for the job-Plaintiff graduated from George C. Wallace State Comm. College in 1980, as a Journeyman Industrial Electrician. Having previously worked for the employer for approximately 8-9 years as a contract worker, is well qualified for the job. Plaintiff helped found the Auburn Rural Studio as was contracted from the beginning until 1999. Plaintiff wrote the job description, or at least the original one, back in 1996-97. Plaintiff has 35 years technical experience related to the Auburn TechI/II position. Having invented the position and performed at same for 8-9 years with my own electrical company, Dixie Electric, and with 35 years technical experience, Plaintiff's qualifications are excellent and plaintiff is able to do the job with or without reasonable accomodations. Plaintiff is well qualified for the advertised position and should be protected under the ADA as a qualified applicant.

3. Plaintiff must prove the circumstances suggest that the employee was subjected to a negative job action based on disability. Evidence will show that

Charles A Jay
4933 Al Hwy 61
Newbern Al 36765
(334) 624-0123

Plaintiff was/is much more qualified than the hired applicant. The hired applicants application states he had only four(4) months relevant experience in the electrical, technical field. At 25-26 years old, the hired employees experience consists of the local co-op and his dads farm. Defendants claim hired employee was "willing to learn" what Plaintiff already knows.

**B. Failure to Accomodate**: Plaintiff claims he was discriminated against by a failure to accomodate and states a prima facie case as follows:

1.Prove disability (attached)

2.Plaintiff-(employee) must prove he informed employer of his disability and requested an accomodation.

_a. Plaintiff filled out a voluntary self-identification disability form as requested by Auburn University.

b. Plaintiff called the Auburn Human Resources Department, informed them of my disabilities, that I had indeed filled out an application which had passed the HR screening and been forwarded to the hiring personnel. Plaintiff ask that he be afforded his rights to the job, and wanted to begin the interaction process, with Auburn, as a disabled applicant. Plaintiff recorded this conversation and will present as evidence in this case.

c. Plaintiff informed Professor Andrew Freear of my disabilities in 2014.

d. Plaintiff stated "shoulder injury with rehab" as reason for leaving last job.

All of the aforementioned avenues of informing Auburn of my disabilities show that Auburn was aware of my disabilities, my request, my age, and chose to ignore same.

3. Plaintiff must prove that Accomodations were available: Plaintiff needed no physical accomodations in the application process, only assistance in the interactive process as a disabled applicant. Assistance, of any type, is accomodation. I wanted to know what to do next. I had never been a disabled

Charles A. J[illegible]
4933 AL Hwy 61
Newbern AL 36765
(334) 624-0123

applicant prior. Plaintiff is/was unaware of many of the laws governing said issues, however, there were no copies of documentation addressing my disabilities as required by the aforementioned employer.

4. Employer failed to provide accomodations: In its position statement, defendants state that the "search committee did not know of any disability Mr. Jay may have." That statement, by the defendants, admits absolutely no accomodations were ever attempted. Finally, the ADA plainly states that "Employers must engage in an interactive process with the employee to come up with accomodations that will work." Plaintiff claims that there was absolutely no engagement by the employer and no interactive process by the employer.

**C. Age Discrimination:** ***29USC 621 (b)***Plaintiff claims he was discriminated against because of his age, then57, and states a prima facie case as follows"

Under the McDonnell Douglas method of proof, Plaintiff must prove;

1. Plaintiff is in the protected age group, at 57 years old.

2.Plaintiff is well qualified as previously mentioned.

3. Plaintiff was subjected to an action of failure to hire.

4. Individual was replaced by someone outside the age group. Plaintiff was given no opportunity during the application process and the hired applicant is outside the protected age group, at 25-26 years old.

*McDonnell Douglas v. Green 411 US 792 (1973)*

*Benson v. Tocco, Inc. 113F 3d 1203 1207-08*

Charles A Jay
4933 Al. Hwy 61
Newbern Al 36765
(334) 624-0123

EEOC Form 161 (11/16)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

To: **Charles A. Jay**
**4933 Alabama Highway 61**
**Newbern, AL 36765**

From: **Birmingham District Office**
**Ridge Park Place**
**1130 22nd Street**
**Birmingham, AL 35205**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **420-2017-01320** | **MICHAEL COCHRAN, Federal Investigator** | **(205) 212-2114** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

[signature]

**Delner Franklin-Thomas,**
**District Director**

JUN 09 2017
*(Date Mailed)*

Enclosures(s)

cc:
**AUBURN UNIVERSITY**
**C/O Maran White**
**Staff Counsel**
**101 Samford Hall**
**Auburn University, AL 36849**

Charles A Jay
4933 Al. Hwy 61
Newbern Al
36765
(334) 624-0123

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

# PRIORITY®
# ★ MAIL ★

DATE OF DELIVERY SPECIFIED*

USPS TRACKING™ INCLUDED*

INSURANCE INCLUDED*

PICKUP AVAILABLE

* Domestic only

FROM: Charles A. Jay
4933 Al. Hwy. 61
Newbern, Al. 36765

TO:
US District Court
Southern District of Alabama
c/o Mr. Charles R. Diard Jr.
Clerk of Court
113 Saint Joseph St.
Mobile, Al. 36602

WHEN USED INTERNATIONALLY, A CUSTOMS DECLARATION LABEL MAY BE REQUIRED.

USPS TRACKING #

LAB400R Aug. 2013
7690-17-000-0669

EP14F July 2013

VISIT US AT USPS.COM®

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. M... violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; July 2013; All rights reserve...

