IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLES A. JAY, *et al.*, : | |
| Plaintiffs, : | |
| vs. : | Civil Action No. 1:17-cv-00369-KD-C |
| AUBURN UNIVERSITY, *et al.*, : | |
| Defendants. : | |

## REPORT AND RECOMMENDATION

This cause is before the Magistrate Judge for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen. L.R. 72(a)(2)(S), on Defendants Auburn University's, Andrew Freear's, Dick Hudgens's, Xavier Vendrell's, and Chris Thompson's (collectively, the "Auburn Defendants") Motion to Dismiss Plaintiffs' Second Amended Complaint ("motion to dismiss"), (Doc. 50), which was filed on January 25, 2018.  Upon consideration of the parties' pleadings, (Docs. 50, 52, 53, & 55), and a review of the record, it is **RECOMMENDED** that the Auburn Defendants' motion to dismiss, (Doc. 50), be **GRANTED IN PART AND DENIED IN PART**.

## PROCEDURAL HISTORY

On September 16, 2017, Plaintiff Charles Jay originally filed his Complaint with this Court, in which he named as defendants Auburn University, Auburn University Rural Studio, Auburn University Human Resources Department, the "Auburn EEO Department," "Auburn labeled employee 'search committee,'" Andrew

Freear, and Chris Thompson. (Doc. 1, at 4). Plaintiff Charles Jay brought claims for disability discrimination; age discrimination; failure to accommodate; negligent supervision; "[f]ailure to [i]mplement required policies;" and "failure to follow all rules, laws and requir[e]ments concerning a disabled applicant, the ADA, affirmative action or any and all other procedures required by law." (Doc. 1, at 5). Plaintiff Charles Jay attached his Equal Employment Opportunity Commission Notice of Suit Rights, which was dated June 9, 2017. (Doc. 1, at 12). On August 25, 2017, summonses were issued for Auburn University, Auburn University Human Resources Department, Auburn University Rural Studio, Andrew Freear, Chris Thompson, Auburn Search and Hiring Committee, and Auburn Rural Studio Substitute Professor, (Doc. 9), all of which were executed on August 30, 2017, except for the Auburn Search and Hiring Committee, (Docs. 10-15 & 18).

On September 18, 2017, Defendants Auburn University, Auburn University Rural Studio, Auburn University Human Resources Department, Auburn EEO Department, Auburn Search and Hiring Committee, Andrew Freear, and Chris Thompson, filed their Motion to Dismiss, (Doc. 20), for which the Court entered a submission Order, (Doc. 23). On October 4, 2017, Plaintiff Jay filed his Motion to Dismiss Less Than All Parties, (Doc. 25), in which he motioned the Court to dismiss Defendants Auburn University Rural Studio, Auburn University EEO Department, and Auburn University Human Resources Department. The Court construed Plaintiff Jay's Motion to Dismiss Less Than All Parties, (Doc. 25), as a notice of voluntary dismissal pursuant to Rule 41(a)(1)(A)(i), Federal Rules of Civil

Procedure, (hereinafter "FRCP" followed by the Rule number) and dismissed without prejudice Plaintiff Jay's claims against Defendants Auburn University Rural Studio, Auburn University EEO Department, and Auburn University Human Resources Department. (Doc. 30, at 1-2).

Also, on October 4, 2017, Plaintiff Jay filed his Motion for Leave to File Amended Complaint, (Doc. 27), as a matter of course pursuant to FRCP 15(a)(1)(B) and Motion to Amend Complaint to Add Party, (Doc. 28), pursuant to FRCP 15(a)(2) and FRCP 20. In Plaintiff Jay's Motion to Amend Complaint to Add Party, he motioned the Court to add Laurie Jay, his wife, as a plaintiff. (Doc. 28, at 1-2). In Plaintiffs' first amended complaint, they brought claims under 42 U.S.C. § 1983 for conspiracy, "mixed motive," "pretext," deprivation of federal rights, "liability in connection with the action of another-supervisory official," and "liability in connection with the actions of another-failure to intervene" against Andrew Freear, Dick Hudgens, Xavier Vendrell, Chris Thompson, and Auburn University's Search and Hiring Committee individual members, who are fictitious parties to be discovered." (Doc. 27, at 4-6). The Court ordered the defendants to file on or before October 20, 2017, any opposition to either Plaintiff Jay's Motion for Leave to File Amended Complaint, (Doc. 27), or Motion to Amend Complaint to Add Party, (Doc. 28), (Doc. 30, at 4), which the defendants filed on October 20, 2017, (*see* Doc. 34). On October 19, 2017, Plaintiff Charles Jay filed his Motion for Leave to File Second Amended Complaint in which he and Laurie Jay claimed the "facts and causes of action within [Plaintiff Charles Jay's] initial complaint [and his] first and second

amended complaint[s] have not changed;" they "request[ed] [the Court to] 'relate back to all exhibited evidence, claims, averments[,] and contentions of this case;" and they "request[ed] to include violations of [29 U.S.C. § 794(b)(2)(A)(B)]." (Doc. 33, ¶¶ 4-5). On December 8, 2017, the Court directed the Clerk of Court to withdraw Plaintiff Charles Jay's Motion for Leave to File Amended Complaint, (Doc. 27), because his Motion for Leave to File Amended Complaint was filed as a matter of course; the Court deemed as moot his Motion to Amend Complaint to Add Party, (Doc. 28), because it was repetitious of his Motion for Leave to File Amended Complaint; the Court determined that Defendants Auburn University's, Auburn University Rural Studio's, Auburn University Human Resources Department's, Auburn EEO Department's, Auburn Search and Hiring Committee's, Andrew Freear's, and Chris Thompson's Motion to Dismiss, (Doc. 20), was moot; and the Court ordered Plaintiff Charles Jay's Motion for Leave to File Second Amended Complaint, (Doc. 33), be granted if the defendants did not file opposition thereto. (Doc. 41).

Plaintiffs filed their Second Amended Complaint on December 27, 2017, (Doc. 42), in which they named as defendants Auburn University, Andrew Freear, Dick Hudgens, Xavier Vendrell, Chris Thompson, and Auburn University's Search and Hiring committee individual members. (Doc. 42, at 3). Plaintiffs brought claims under 42 U.S.C. § 1983 and 29 U.S.C. § 794 for conspiracy, "mixed motive," "pretext," deprivation of federal rights, "liability in connection with the actions of another-supervisory official," "liability in connection with the actions of another-

4

failure to intervene," negligence, and negligent supervision. (Doc. 42, at 4). On January 25, 2018, the Auburn Defendants filed their Motion to Dismiss Plaintiffs' Second Amended Complaint, (Doc. 50), to which, Plaintiffs filed their response, (Doc. 52), and the Auburn Defendants filed their reply, (Doc. 53).

## **STANDARD OF REVIEW**

Pursuant to FRCP 12(b)(6) a defendant may move to dismiss a complaint on the basis that the plaintiff has failed to state a claim, upon which relief may be granted. *See* FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [*Twombly*, 550 U.S.] at 570, 127 S. Ct. [at] 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556, 127 S. Ct. [at] 1955."). Since a FRCP 12(b)(6) motion questions the legal sufficiency of a complaint, in assessing the merits of a FRCP 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true. *See, e.g., United States v. Gaubert*, 499 U.S. 315, 327, 111 S. Ct. 1267, 1276, 113 L. Ed. 2d 335 (1991); *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990); *but see also Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 ("[T]he tenet that a court must

accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. [at] 1955."). Moreover, all factual allegations are to be construed in the light most favorable to the plaintiff. *See, e.g., Brower v. County of Inyo*, 489 U.S. 593, 598, 109 S. Ct. 1378, 1382, 103 L. Ed. 2d 628 (1989). Obviously, therefore, a district court may not resolve factual disputes when adjudicating a motion to dismiss. *Page v. Postmaster Gen. and Chief Exec. Officer of the U.S. Postal Serv.,* 493 F. App'x 994, 995 (11th Cir. 2012) (citing, among other cases, *Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir. 1990) (indicating that, under Rule 12(b)(6), the existence of disputed material facts precludes a district court from granting a motion to dismiss)). "'When considering a motion to dismiss . . . the court limits its consideration to the pleadings and all exhibits attached thereto.'" *Thaeter v. Palm Beach Cty. Sheriff's Office,* 449 F.3d 1342, 1352 (11th Cir. 2006), quoting *Grossman v. Nationsbank, N.A.,* 225 F.3d 1228, 1231 (11th Cir. 2000) (per curiam); *see also Reese v. Ellis, Painter, Ratterree & Adams, LLP,* 678 F.3d 1211, 1215-16 (11th Cir. 2012) ("Because the Ellis law firm's dunning letter and enclosed documents were attached to the Reeses' complaint as an exhibit, we treat them as part of the complaint for Rule 12(b)(6) purposes.").

### *Pro Se* Litigants

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannembaum v. United*

*States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "Courts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education." *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc.*, 132 F.3d at 1369 (internal citations omitted).

## ANALYSIS

The Auburn Defendants move for a dismissal with prejudice all of the claims in Plaintiffs' Second Amended Complaint or, in the alternative, motion the Court for a more definite statement. (Doc. 50, at 1). [1]

In Plaintiffs' response to the Auburn Defendants' motion to dismiss, Plaintiffs make certain concessions to address and cure the deficiencies of their pleadings that are stated by the Auburn Defendants in their motion to dismiss. First, Plaintiffs withdraw their request for the Court to "relate back to all exhibited claims, averments, and contentions of this case," which is found in their Second Amended Complaint, (Doc. 42, ¶ 1), and claim Plaintiffs' "More Definite Statement," (Doc. 52-1), and Second Amended Complaint will contain the operative pleadings in this matter. (Doc. 52, at 3). Second, Plaintiffs clarify they do not bring claims under the Americans with Disabilities Act ("ADA") or the Age Discrimination in Employment

---

[1] However, in reply to the response by Charles Jay, in which he appears to be making a more definite statement, the Auburn defendants recognize a possible claim under 29 U.S.C. § 794. (Doc. 53, at 4-6).

7

Act ("ADEA"), which the Auburn Defendants assumed in their motion to dismiss, (*see* Doc. 50, at 19-21).  (Doc. 52, at 4).  Third, Plaintiffs concede the Auburn Defendants' argument that Auburn University and the individual defendants, in their official capacities, are immune from Plaintiffs' state law claims against them; however, Plaintiffs maintain their claim against Auburn University that it violated the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.*  (Doc. 52, at 5).  Fourth, Plaintiffs concede the Auburn Defendants' argument that Plaintiff Laurie Jay's claim for loss of consortium should be dismissed with prejudice.  (Doc. 52, at 6-7). Lastly, Plaintiffs concede fictitious party practice is not permitted, which would affect their claims against Auburn Search and Hiring Committee Members.  (Doc. 52, at 7).[2]  Plaintiffs' clarification is that they are bringing claims against the individual defendants in their individual capacities for violations of Plaintiff Charles Jay's civil rights pursuant to 42 U.S.C. § 1983 and § 794 and state law. (Doc. 52, at 7-8).

Plaintiff Charles Jay, in order to further cure his pleading deficiencies and in addition to Plaintiffs' concessions, attached to his response Plaintiffs' "More Definite Statement," in which he, first, states a narrative of events and, then, lists the parties against whom he brings claims.  (Doc. 52-1).  Plaintiff Charles Jay states claims that are based on the narrative of events against Auburn University, Mr. Freear, Mr. Hudgens, Mr. Vendrell, and Mr. Thompson.  (Doc. 52-1, at 5-10). Specifically, Plaintiff Charles Jay separately "charges" the named defendants in

---

[2] Plaintiffs request the ability to add parties as discovery progresses, (Doc. 52, at 7), which is permitted pursuant to FRCP 20.

8

Plaintiffs' "More Definite Statement," with a range of violations, including violations of 42 U.S.C. § 1983 and 29 U.S.C § 794 for federal conspiracy, negligence, negligent supervision, "specific intent," "pretext," "mixed motive," fraud, "federal fraudulent misrepresentation," "liability in connection with the actions of another-supervisory official," and "liability in connection with the actions of another-failure to intervene." (Doc. 52-1, at 5-10). Plaintiff Jay requests injunctive relief from Auburn University, and the individual defendants in their official capacities, and punitive damages from the individual defendants in their individual capacities. (Doc. 52-1, at 9-10).

Despite Plaintiffs' concessions and attempts at clarification, the Auburn Defendants argue Plaintiffs' remaining claims should also be dismissed, (Doc. 50), because Plaintiffs' factual allegations do not establish claims that conform to the pleadings standards put forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). (Doc. 53, at 3). In the alternative, the Auburn Defendants suggest the possibility of one surviving claim, a failure-to-hire on the basis of a disability. ("Accordingly, Auburn moves to dismiss Jay's claims and, in the alternative, moves to dismiss and strike all allegations and all pleadings except the following: Doc. 42, ¶ 1; ¶ 9, lines 15-18; ¶ 13, line 9-10; ¶ 12, lines 4-6; doc. 52-1, p. 5, line 18-20; doc. 52-1, line 2-3; doc. 52-1, p. 3, line 9-13.") (Doc. 53, at 6.)

After a review of the Plaintiffs' Second Amended Complaint, Plaintiffs' response to the Auburn Defendants' motion to dismiss, and Plaintiffs' "More

9

Definite Statement," the Court is inclined to agree with the Auburn Defendants' argument. The Plaintiffs' Second Amended Complaint is deficient and resembles a "shotgun" pleading,[3] that makes it "virtually impossible to know which allegations of fact are intended to which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).[4] Additionally, Plaintiffs' Second Amended Complaint includes eight counts that each appears to be, in fact, an act in violation of 42 U.S.C. § 1983 and 29 U.S.C § 794. (*See* Doc. 42, ¶¶ 6-15). The Court's interpretation of Plaintiffs' Second Amended Complaint is bolstered by Plaintiffs' "Summary," in which they list out the defendants and, then, clarify by expressly stating that they bring claims against the defendants under 42 U.S.C. §

---

[3] [The Eleventh Circuit Court of Appeals has] identified four rough types or categories of shotgun pleadings. The most common type-by a long shot-is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claims is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015) (internal footnotes omitted).

[4] "[U]nless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Anderson*, 77 F.3d at 367.

1983 and 29 U.S.C. § 794. (Doc. 42, ¶¶ 16-17). However, "a plaintiff may not maintain a section 1983 action in lieu of-or in addition to-a Rehabilitation Act . . . cause of action if the only alleged deprivation is of the employee's rights created by the Rehabilitation Act," *Holbrook v. City of Alpharetta*, 112 F.3d 1522, 1531 (11th Cir. 1997) (citing *Johnson v. Ballard*, 644 F. Supp. 333, 337 (N.D. Ga. 1986)),[5] and the Rehabilitation Act does not provide for individual liability, *see Berkery v. Kaplan*, 518 F. App'x 813, 814-15 (11th Cir. 2013) (per curiam) ("The [Rehabilitation Act] states, in relevant part, that, "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity received Federal financial assistance." 29 U.S.C. § 794(a). However, Dr. Kaplan's medical services are not a "program or activity" as that term is defined under the act, *id.* § 794(b), nor does the act provide for individual liability.").

Taking these observations under consideration, the undersigned finds, as the Auburn Defendants' correctly note, (*see* Doc. 53, at 4-6), Plaintiff Charles Jay has one possible claim against Auburn University for violation of the Rehabilitation Act. Therefore, in light of Plaintiff Charles Jay's *pro se* status, the undersigned will

---

5      [B]oth the Rehabilitation Act and the ADA provide extensive, comprehensive remedial frameworks that address every aspect of Holbook's claims under section 1983. To permit a plaintiff to sue both under the substantive statutes that set forth detailed administrative avenues of redress as well as section 1983 would be duplicative at best; in effect, such a holding would provide the plaintiff with two bites at precisely the same apple.

*Holbrook*, 112 F.3d at 1531.

11

recommend that Chief Judge DuBose allow him one final opportunity to amend his complaint to acceptably state his one claim against Auburn University.

## CONCLUSION

Accordingly, it is **RECOMMENDED** the Court **GRANT IN PART AND DENY IN PART** Auburn Defendants' motion to dismiss, (Doc. 50). The recommendation is that all claims in Plaintiffs' Second Amended Complaint, (Doc. 42), be **DISMISSED WITH PREJUDICE BUT FOR THE ONE POTENTIAL CLAIM AGAINST AUBURN UNIVERSITY UNDER THE REHABILITATION ACT**. Plaintiff Charles Jay should be granted leave to file a Third Amended Complaint against Auburn University only, giving him one last opportunity to present a short and plain statement showing that he is entitled to relief under the Rehabilitation Act, 29 U.S.C. § 701, *et seq*.[6] The Third Amended Complaint, if

---

[6] Plaintiff is reminded of the pleading standards in federal court:

> Under [FRCP] 8(a)(2), a pleading must contain a "short and plaint statement of the claim showing that the pleader is entitled to relief." As the Court held in *Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929, the pleading standard [FRCP] 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed me accusation. *Id*., at 555, 127 S. Ct. 1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). A pleading that offers labels and conclusion" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S. Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*., at 557, 127 S. Ct. 1955.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*., at 570, 127 S. Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556, 127 S. Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant

authorized by Chief Judge DuBose, should be filed within fourteen days of her ruling.  Should the Plaintiff fail to timely file a Third Amended Complaint or fail to factually support a claim under the Rehabilitation Act, it would be the undersigned's recommendation that this action be dismissed with prejudice.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4.  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for

---

has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557, 127 S. Ct. 1955 (brackets omitted).

*Ashcroft*, 556 U.S. at 678, 129 S. Ct. at 1949, 173 L. Ed. 2d 868.

the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** and **ORDERED** this the 23rd day of May 2018.

                      s/WILLIAM E. CASSADY
                      **UNITED STATES MAGISTRATE JUDGE**